**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | |
| Delroy Oliver Davy, | : | 1:09-cr-00543-JOF-1 |
| | : | |
| Defendant. | : | |

**ORDER**

This matter is before the court on Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [60].

**I.  Background**

On May 11, 2010, Petitioner, Delroy Davy, pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344 and one count of conspiracy to commit mortgage wire and mail fraud, in violation of 18 U.S.C. § 1349.  On April 22, 2011, the court sentenced Petitioner to 168 months' imprisonment, 5 years supervised release, a $200 special assessment, and restitution in the amount of $5,504,431.69.

During his plea and at sentencing, Petitioner was represented by Tony Axam.  The court asked Petitioner during his change-of-plea hearing whether he had any questions about the agreement and Petitioner stated "no." *See* Plea Transcript, Docket Entry [21], at 8.  The

AO 72A
(Rev.8/82)

court also informed Petitioner that restitution would be between $2,500,000 and $7,000,000, and the Government said it would most likely be somewhere in the $4,000,000 range. *Id.* at 9. The court then had the following colloquy with Petitioner:

> THE COURT: Now, before you signed your plea agreement, you would have had the right to appeal and to file later litigation, what we call a habeas corpus action, challenging your sentence. But in your plea agreement, you've largely given up that right to appeal unless the court imposes a sentence above the guidelines or the Government appeals. . . . But other than that, you have given up both the right to appeal and to later file a separate litigation challenging your sentence. Do you understand?
>
> PETITIONER: Yes, sir.

*Id.* at 11-12.

The Government set forth the factual basis for the plea in a lengthy statement showing that Petitioner worked through his real estate company to obtain properties which were then sold to unqualified straw borrowers at values inflated by $100,000 without significant improvement to the properties, and kickbacks paid to some loan officers. *Id.* at 15-16. Petitioner arranged loans with false borrower income and assets from FDIC financial institutions. *Id.* at 16. The Government specifically gave an example of property at 6114 Bellaire Lake Road in Lithonia obtained through a loan for $1,087,000 from Bank of America. *Id.* As to count 2 of the information, the Government explained that Petitioner

2

AO 72A
(Rev.8/82)

conspired with the Sedona Company to obtain properties through another corporation. *Id.* at 17. Those acquisitions were funded by the FDIC-insured Omni National Bank. *Id.*

The court asked Petitioner whether he agreed with the facts as described by the Government and he responded "yes." *Id.* at 18. The court then accepted Petitioner's guilty plea. *Id.* At sentencing, the Government offered lengthy and substantial argument again as to the nature of the scheme entered into by Petitioner. *See* Sentencing Transcript, Docket Entry [44], at 23-38. Petitioner's counsel asked the court for leniency because he contended that Petitioner did not enter into his business with the intent to defraud clients and that a lesser sentence would be sufficient for deterrence. *Id.* at 36-37.

Petitioner was assigned new counsel, Paul Cognac, for his appeal. In an opinion dated August 24, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's sentence and conviction after receiving an *Anders* brief from Mr. Cognac, as well as *pro se* filings from Petitioner.

On appeal, Petitioner had argued that the stipulated basis for his plea did not satisfy the elements of the offense of bank fraud under 18 U.S.C. § 1344. The Court of Appeals disagreed noting that the stipulated facts demonstrated that Petitioner and Theo Clark "purchased properties which they then sold to unqualified straw buyers at inflated prices by helping to obtain loans under false pretenses, and these loans were held by FDIC-insured institutions (e.g., Bank of America)." *See* Slip op., at 2. Specifically, the court noted the

3

fact that one security deed lists Sahara Mortgage Corporation as the original lender for property located at 6114 Bellaire Lake Road, does not mean that Bank of America was not defrauded. *Id.* The Court of Appeals also noted that Petitioner admitted under oath during his change-of-plea hearing that he had "devised and executed a scheme to defraud some FDIC-insured banks and this admission was sufficient." *Id.* Finally, "[b]ecause independent examination of the entire record reveals no arguable issues of merit," the Court of Appeals affirmed Petitioner's sentence and conviction. *Id.* at 3.

On April 25, 2013, Petitioner filed the instant *pro se* motion in which he contends that his "conduct did not meet the criteria for conviction under 18 U.S.C. § 1344 and 2 or 18 U.S.C. § 1349 and § 371." *See* Motion, at 1. Petitioner contends he is factually innocent and that he was prejudiced by his counsel's ineffective assistance in: (1) having Petitioner waive his right to be charged by indictment issued by a grand jury, (2) having Petitioner enter into a guilty plea that waived his right to appeal or collaterally attack his sentence, (3) failing to research the mortgage loan process which would have shown that Petitioner was innocent, (4) not challenging the Government's erroneous allegations concerning the nature of the mortgage loan business, and (5) not challenging loss amount. *Id.* at 2.

**II.   Discussion**

Petitioner faces numerous hurdles in bringing his § 2255 motion. Most significantly, Petitioner entered a plea in which he waived his right to appeal or collaterally attack his

4

sentence unless the court departed upward. The plain language of Petitioner's plea agreement informed Petitioner that he was waiving his right to bring a collateral attack. The court reviewed this provision with Petitioner at the time he entered his guilty plea. *See*, *e.g.*, *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to plea bars Petitioner's motion to collaterally attack his sentence through ineffective assistance of counsel claim). To establish whether a waiver was made knowingly and voluntarily, the Government must show (1) that the "district court specifically questioned the defendant" about the waiver during the plea colloquy or (2) the record makes it clear that "the defendant otherwise understood the full significance of the waiver." *See*, *e.g.*, *United States v. Wilson*, 445 Fed. Appx. 203, 207 (11th Cir. 2011). It is clear from the transcript of the plea hearing that the court informed Petitioner of the consequences of his appeal waiver and that Petitioner knowingly and voluntarily agreed to the waiver.

The court recognizes that it may be an open question in the Eleventh Circuit as to whether a collateral attack waiver bars an ineffective assistance of counsel claim with respect to the entering or negotiating of the guilty plea or to its validity. *See Williams*, 396 F.3d at 1342 n.2 (declining to address whether collateral attack waiver would extend to claim of ineffective assistance of counsel in entering or negotiating the plea); *Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. 2007) (unpublished) (collateral attack waiver did

5

not bar § 2255 challenge to validity of guilty plea). However, a reading of Petitioner's claims shows that he does not challenge his guilty plea directly. Petitioner, rather, asserts that he is factually innocent of the underlying charges. There is a distinction between these two arguments. *See Williams*, 396 F.3d at 1342 n.2 ("there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement").

In any event, even if the court were to conclude that Petitioner's appeal waiver did not extend to his ineffective assistance of counsel claim or his "actual innocence" claim, the basis for Petitioner's claim is that his counsel was ineffective in (1) allowing Petitioner to plead guilty to an information rather than a grand jury indictment, (2) failing to research the mortgage loan industry and challenge the Government's assertion about the industry, and (3) failing to challenge the loss amount.

The court finds that Petitioner cannot show any prejudice he suffered as a result of these alleged failures. Petitioner makes no argument as to why he would be in a better position had a grand jury indicted him rather than him pleading guilty to an information.

With respect to Petitioner's substantive arguments concerning the mortgage industry and how it operates and his contention that none of the banks involved were FDIC institutions, Petitioner essentially makes the same arguments he already raised on direct appeal. Petitioner believes that the Government did not make a sufficient factual basis to

6

support his guilty plea to bank and mortgage fraud. However, the Court of Appeals already addressed and rejected this argument. Thus, the court has no jurisdiction to review the Court of Appeals' decision.

Finally, Petitioner does not make any argument as to why the loss amount reached by the court at sentencing was erroneous. As such, the court cannot find Petitioner was prejudiced by his counsel's failure to challenge the loss amount.

For all of the foregoing reasons, the court DENIES Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [60].

## III.  Conclusion

The court DENIES Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [60].

**IT IS SO ORDERED** this 28th day of May, 2013.

          S/   J. Owen Forrester
         J. OWEN FORRESTER
     SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)