# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DELROY DAVY, | : | MOTION TO VACATE |
| BOP ID 61583-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-3761-AT-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:09-CR-543-AT-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Delroy Davy's *pro se* Verified Motion to Correct His Sentence Pursuant to 28 USC 2255. *See* [85]. For the following reasons, the undersigned **RECOMMENDS** that Davy's § 2255 motion be **DISMISSED WITHOUT PREJUDICE** and that a Certificate of Appealability be **DENIED**.

In 2011, Davy was sentenced to a 168-month term of imprisonment for bank fraud and conspiracy to commit investor fraud and bank fraud. *See* [29]. Davy appealed, and his appeal was denied in 2012. *See United States v. Davy*, 488 F. App'x 381 (11th Cir. 2012).

In 2013, Davy filed a § 2255 motion that was soon denied. *See* [60]-[63]. Davy's later motions for reconsideration and an evidentiary hearing were also denied. *See* [65]-[72].

In the meantime, however, Davy cooperated extensively with the government, and in 2016 the government filed a Rule 35 motion on Davy's behalf seeking a reduction of his sentence. *See* [74]. Indeed, this Court ultimately granted a sentence reduction more than three-times greater than the government had requested, and Davy's term of imprisonment was reduced to 128 months. *See* [81].

Federal law ordinarily prohibits the filing of a "second or successive" § 2255 motion unless "certified as provided in § 2244 by a panel of the appropriate court of appeals" to fall within one of two narrow categories. 28 U.S.C. § 2255(h). Davy implicitly acknowledges that he has not sought, let alone received, such approval, but he argues that he is exempted from doing so because his latest § 2255 motion "is not a second and [sic] successive Petition," *see* [85] at 2. Davy contends that his 2016 sentence reduction constitutes a "new judgment" that he has not previously challenged under § 2255, and he cites a Supreme Court decision for the proposition that "where 'there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive.'" *See id.* at 3 (quoting *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010)).

Davy's argument, however, is foreclosed by statute and case law. An adjustment to a sentence pursuant to Rule 35(b) does not result in a "new judgment." Congress unambiguously provided that "[n]otwithstanding the fact that a sentence to imprisonment can be . . . corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b). Thus, the United States Court of Appeals for the Eleventh Circuit has held that "a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the 'finality' of a defendant's 'judgment of conviction.'" *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (collecting cases from other circuits that have also uniformly "held that a Rule 35(b) modification does not constitute a new judgment of conviction"). In other words, a Rule 35(b) motion merely "modifies the defendant's existing sentence." *United States v. Hardman*, 778 F.3d 896, 901 (11th Cir. 2014). Consequently, *Magwood* does not apply here because there is no "new judgment," and Davy's latest § 2255 motion is plainly a second or successive motion.

Because Davy did not receive certification from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to

3

consider it further. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate circuit court], the district court lacks jurisdiction to consider a second or successive petition."). Consequently summary dismissal is appropriate because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255, Rule 4.[1]

In addition, a Certificate of Appealability should be denied in this case because Davy does not meet the requisite standards. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

---

[1] The undersigned recommends summary dismissal without prejudice to permit Davy, if he so chooses, to seek certification from the Eleventh Circuit pursuant to § 2255(h) to refile.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 25th day of October, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE